Case 4:24-cv-02911   Document 36   Filed on 07/10/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA DEVINE, et al, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:24-CV-2911 |
| NICHOLAS JUDSON, COLDLINER EXPRESS, INC., *Defendant*. | § § § § § § | |

**ORDER**

Before the Court is Defendant Nicholas Judson's ("Judson") Motion to Compel Deposition of a Non-Party. (Doc. No. 25). Plaintiffs Barbara Devine and Krystal Gilliam ("Plaintiffs") responded in opposition, (Doc. No. 30), and Defendant did not reply. Based on Federal Rule of Civil Procedure 45, the Court **DENIES** Defendant's Motion to Compel. (Doc. No. 25).

I.   **Background**

This case arose from an alleged car wreck in Houston, Texas between Judson and the Plaintiffs. (Doc. No. 33 at 6). Plaintiffs allege that, at the time of the accident, Judson was operating a Freightliner truck in the scope of his employment with Defendant Coldliner Express, Inc. ("Coldliner"). (*Id.*). As a result, Plaintiffs sued both Judson and Coldliner for negligence, negligence per se, and gross negligence. (Doc. No. 33 at 7–10).

At issue here, is Judson's motion to compel Christina Ferraz, the spouse of Plaintiff Krystal Gilliam, to appear for a deposition. (Doc. No. 25). Plaintiffs argue that the motion is outside of the Court's subpoena power under Rule 45 because the subpoena does not specific a physical location, and Ferraz lives in Pittsburgh, Pennsylvania. (Doc. No. 30 at 8). Judson contends that, since the deposition will happen over zoom, Ferraz is not required to travel beyond 100 miles and, thus, the subpoena is proper. (Doc. No. 25 at 5).

## II.     Legal Standards and Analysis

Generally, a party may obtain discovery from a non-party by serving the non-party with a subpoena issued pursuant to Federal Rule of Civil Procedure 45. The Court, however, may quash or modify a Rule 45 subpoena if it: "(1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Further, Rule 45(a)(1)(A)(iii) requires that the subpoena provide "a specified time and place" to testify or produce documents—this is referred to as the place of compliance. The place of compliance, for either the deposition or document production, must be within 100 miles of where the person resides, is employed, or regularly transacts business. FED. R. CIV. P. 45(c)(1)(A); (2)(A).

Several courts have held that a Rule 45 subpoena which fails to list a physical place of compliance—including those that list videoconferencing technology as the place of compliance for a deposition or that list an email address as the place of compliance for a document production—fail to comply with Federal Rule of Civil Procedure 45(a)(1)(A)(iii) and are facially void. *See, e.g., Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, 2022 WL 2820667, at *1, *7-8 (S.D. Cal. July 18, 2022) (holding that "[a] valid subpoena must list a specific place of compliance" which must "be a physical place subject to geographical limits and capable of being measured according to mileage," and rejecting the plaintiff's argument that "there is no requirement to appear physically when a deposition occurs virtually"); *Frobe v. UPMC St. Margaret*, 2021 WL 9628848, at *1 (W.D. Pa. July 13, 2021) (noting that the subpoena listed the place of compliance for the deposition as "Zoom Videoconferencing;" and concluding that "Zoom Videoconferencing is not a place" but rather "is a method of taking the deposition," such that the plaintiffs were required "to modify the subpoena to have the place of the deposition changed so it

2

is taken at a location within 100 miles of [the non-party's] . . . home or place of employment"); *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 704–05, 710–11 (N.D. Tex. 2017) (concluding that "an email address does not qualify as a location or place where compliance is required under Rule 45, although the subpoenaing party and the subpoenaed person could agree to production by electronic means"; and holding that the place of compliance was the physical address listed on the subpoenas); *see also House v. Wayne USA Co., Ltd.*, 2024 WL 4334404, at *2 (E.D.N.Y. Sept. 27, 2024) (holding that the an email address or zoom link is not a sufficient "place of compliance" by which geographic location can be measured).

This Court agrees with this weight of authority. Judson's subpoena included only "zoom" as the location or place of compliance. (Doc. No. 25-3 at 2). Since the subpoena that Judson seeks to enforce does not comply with Rule 45, it is beyond the scope of the Court's subpoena power outlined in Rule 45. Defendant's motion to compel is therefore **DENIED**. (Doc. No. 25).

Having so ruled, the parties are encouraged to work together in good faith to ensure the discovery process proceeds smoothly. It should not take judicial intervention for both sides to willingly comply with the Rules of Federal Procedure and the standards of professional conduct. Recognizing that Plaintiffs' counsel does not represent the putative witness, any ability of Plaintiffs' counsel to help facilitate the deposition is encouraged by this Court. If Plaintiffs' counsel is unable to assist, counsel for the Defendants must follow the procedures laid out in the Federal Rules pertaining to out-of-state witnesses.

SIGNED this 10th day of July, 2025.

Andrew S. Hanen
United States District Judge